**Robert PICKTHALL and Melissa
Pickthall, Plaintiffs–
Appellants,**

v.

**FREISTATT MUTUAL INSURANCE
CO., Defendant–Respondent.**

**No. 24555.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 24, 2002.

Motion for Rehearing or Transfer to
Supreme Court Denied Aug. 15, 2002.

Michael T. Pivac, Hearne & Pivac, Springfield, for appellants.

John Cowherd, Mt. Vernon, for respondent.

JOHN E. PARRISH, Judge.

Robert Pickthall and Melissa Pickthall (plaintiffs) appeal a summary judgment granted Freistatt Mutual Insurance Co. (defendant) on a breach of contract claim directed to a policy of insurance issued by defendant.[1] The trial court held the statute of limitation set forth in § 380.591 barred plaintiffs' claim.[2] This court reverses and remands for further proceedings.

Defendant is an extended mutual insurance company operating under provisions of §§ 380.201–.591.[3] Defendant issued a homeowner's insurance policy to plaintiffs for the period of June 19, 1996, through June 25, 1997. The expiration date was extended to June 25, 1998. Plaintiffs' residence and its contents were destroyed by fire September 12, 1997. Plaintiffs brought the action that is the subject of this appeal August 23, 1999. Defendant's answer to plaintiffs' petition includes the affirmative defense "that Plaintiffs' claims ... are barred by the Statute of Limitations as set forth in RSMo. § 380.591, since this claim was filed more than twelve months after the Plaintiffs' alleged loss."

Section 380.591 states:

1. No suit or action for any loss under an assessable policy shall be commenced until such loss becomes due in accordance with the policy, and in no event until sixty days have elapsed after proof of loss has been given the company. No such suit or action shall be sustainable in any court unless all the

---

1. Plaintiffs' action was before the trial court on a second amended petition that initially included four counts. All but Count I, which is the basis for this appeal, were dismissed before entry of judgment. The judgment, therefore, adjudicated the only claim that remained at the time it was entered. *See* Rule 74.01(b).

2. References to statutes are to RSMo 1994 unless otherwise stated.

3. § 380.561, included in the statutes cited, was amended in 1995; thus, the reference to it is to RSMo Cum.Supp.1995.

requirements of the policy have been complied with, nor unless commenced within twelve months next after the loss. The limitations permitted under the provisions of this section shall be clearly and prominently declared on the face page of any assessable policy.

2. Any action based upon a policy issued on a nonassessable basis shall be subject to the statutes of limitations applicable to a similar cause of action.

■ Plaintiffs raise one point on appeal. They argue the trial court erred in granting defendant's motion for summary judgment in that § 380.591.1 did not bar their action for breach of contract because the policy of insurance issued to them was not an "assessable policy" because it was "issued by defendant on the premium basis and therefore not liable to assessment pursuant to § 380.431 RSMO."

Section 380.431.1 provides:

A company operating under the provisions of sections 380.201 to 380.591 may collect such fee and/or initial charge as the board of directors shall prescribe and shall collect a sufficient amount of money annually, or oftener, to enable it to pay losses and expenses, and, in accordance with the articles of incorporation and bylaws, to create and maintain a guaranty fund. The amount required shall be collected by *assessments or through premiums* charged by the company on such of its policies as the board of directors may prescribe. *Members holding policies issued on the premium basis* shall pay the stipulated premium at or before the time when the policy is issued and *shall not be liable to assessment. Members holding policies not issued on the premium basis* may be charged such advance assessment, payable at or before the time when the policy is issued as the board of directors may prescribe, *but such*

*members shall be liable to further assessment, if any shall be required, in accordance with the provisions of the company's articles of incorporation and sections 380.201 to 380.591.* The terms and conditions of the assessment feature must be clearly disclosed in the policy. [Emphasis added.]

Plaintiffs' policy of insurance includes a declaration page entitled "Amended Coverage Endorsement." Its "date issued" is "7–29–97." Its "expiration date" is "6–25–98." It states, "EXPIRATION DATE IS EXTENDED BY PAYMENT OF RENEWAL PREMIUM." It identifies fire and extended coverage of $30,000 for plaintiffs' residence, $12,000 for personal property, and $8,500 for a garage. Plaintiffs argue the language of the "Amended Coverage Endorsement" establishes their policy as having been "issued ... on the premium basis"; that, therefore, the one-year statute of limitation period prescribed by § 380.591.1 for assessable policies is not applicable, and the trial court's award of a summary judgment was, therefore, error. This court agrees.

■ Mr. Melvin Eugene Needham was deposed as the designated representative of defendant. He acknowledged that the policy plaintiffs acquired from defendant in 1996 had been extended upon payment of a "renewal premium." This was evidenced by the "Amended Coverage Endorsement." As *Abco Tank & Mfg. Co. v. Federal Ins. Co.,* 550 S.W.2d 193 (Mo. banc 1977), explains:

The policy of insurance and an endorsement must be read together where there is a dispute as to its meaning, and they should be construed together unless they are in such conflict they cannot be reconciled. *Cain v. Robinson Lumber Co.,* 295 S.W.2d 388, 390–391[1–3] (Mo. banc 1956). If the language of the endorsement and the general provisions of

the policy conflict, the endorsement will prevail, and the policy remains in effect as altered by the endorsement. *Linenschmidt v. Continental Casualty Co.,* 356 Mo. 914, 204 S.W.2d 295, 300[3] (1947); *Empire Fire and Marine Insurance Co. v. Brake,* 472 S.W.2d 18, 23[3] (Mo.App.1971).

*Id.* at 198.

The policy of insurance defendant issued, effective June 19, 1996, states it is assessable; that the policyholder may be assessed an amount that would constitute the policyholder's share of expense "necessary to pay accrued liabilities to meet or defray anticipated needs of the Company and/or to add to or restore the guaranty fund." It states on the same page the time and location of defendant's annual meetings, thereby stating "terms and conditions of the assessment feature" that § 380.431.1 requires of assessable policies of insurance. The original expiration date of the policy was June 25, 1997. However, the "Amended Coverage Endorsement" issued July 29, 1997, recites the expiration date of the policy, as originally issued, was "extended by payment of renewal premium," thereby stating a stipulated premium for which the expiration of the policy was extended, language § 380.431.1 uses to identify "policies issued on the premium basis," policies not liable to assessment.

■ To the extent the language of the policy and the language of the endorsement conflict, "the endorsement will prevail, and the policy remains in effect as altered by the endorsement." *Abco Tank & Mfg. Co. v. Federal Ins. Co., supra.* To the extent the language of the policy and endorsement, when read together, results in indistinctness or uncertainty that is reasonably open to different construction an ambiguity exists that must be construed favorable to the insured. *Lutsky v. Blue Cross Hosp. Service, Inc.,* 695 S.W.2d 870, 874 (Mo. banc 1985).

Due to the conflicting and, arguably, ambiguous language of the policy and the endorsement, the trial court erred in construing the policy to be assessable and, therefore, in determining that the one-year statute of limitation set forth in § 380.591 applied. The trial court failed to construe the policy in favor of the insureds as mandated by the facts before it. Plaintiffs' point on appeal is granted. The judgment for defendant is reversed. The case is remanded for further proceedings consistent with this opinion.

GARRISON, P.J., and RAHMEYER, J., concur.